NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE REMINGTON, | No. 18-16352 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-02007-JST |
| v. | |
| JOHN MATHSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Bruce Remington appeals pro se from the district court's judgment

dismissing his action under the Racketeer Influenced and Corrupt Organizations

Act ("RICO").  We have jurisdiction under 28 U.S.C. § 1291.  We review for an

abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b) for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to follow the district court's orders regarding Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing Remington's action with prejudice for failure to comply with Rule 8 because, despite an opportunity to amend, Remington's amended complaint was prolix, confusing, and failed to allege clearly the bases for his claims. *See id.* at 1179-80 (9th Cir. 1996) (no abuse of discretion in dismissing a complaint for violation of Rule 8 because the complaint was prolix, confusing, and contained irrelevant material); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

The district court did not abuse its discretion by denying leave to amend. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (setting forth the standard of review and explaining that a "district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Remington's motion for reconsideration because Remington failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief

under Federal Rule of Civil Procedure 59 or 60).

We reject as meritless Remington's contentions regarding his RICO statement, the alleged violation of his due process rights, and the dismissal of his motion for leave to file a second amended complaint as moot.

All pending motions and requests are denied.

Nelson's request for costs, set forth in the answering brief (Docket Entry No. 39), is denied as premature.

**AFFIRMED.**

18-16352